UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
EDGAR BAIZAN GUERRERO, *individually and on behalf of others similarly situated*,

                *Plaintiff*,                18-cv-04761-ARR-ST

     -against-

79TH STREET GOURMET & DELI INC. (D/B/A GOURMET DELI & GROCERY), NEW UTRECHT GOURMET DELI AND GROCERY INC. (D/B/A GOURMET DELI & GROCERY), COLUMBUS GROCERY AND DELI CORP. (D/B/A GOURMET DELI & GROCERY), MOHAMED S MUTHANA, and AHMED F MUSTAFA,
                *Defendants.*

------------------------------------------------------------------X


**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S
<u>APPLICATION FOR DEFAULT JUDGMENT</u>**


MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
(212) 317-1200
*Attorneys for Plaintiff*

**Table of Contents**

**STATEMENT OF FACTS**..................................................................................................1

**ARGUMENT**......................................................................................................................4

    I.    PLAINTIFF IS ENTITLED TO JUDGMENT BY DEFAULT ....................................4

        a.  Unpaid Minimum and Overtime Wages ......................................................5

        b.  Violations of Wage Notice and Statement Requirements ...........................6

        c.  Liquidated Damages ....................................................................................6

        d.  Prejudgment Interest ...................................................................................6

        e.  Attorneys' Fees and Costs............................................................................8

        f.  Additional Damages ....................................................................................8

**CONCLUSION** ..................................................................................................................8

Plaintiff Edgar Baizan Guerrero, by counsel, submits this memorandum of law in support of his application for a default judgment pursuant to Fed. R. Civ. P. 55(b) (2) and Local Rule 55.2(b). The pertinent facts, which compel the relief requested, are stated in the accompanying declaration of Michael Faillace and accompanying exhibits, and in Plaintiff's declaration in support, and are cited below.

## STATEMENT OF FACTS

The following facts are taken from the declaration of Edgar Baizan Guerrero ("Baizan Dec."), the declaration of Michael Faillace ("Faillace Dec."), and exhibits annexed thereto, and the docket in this action.[1]

Plaintiff commenced this action on August 22, 2018. This is an action for unpaid minimum and overtime wages, spread of hours pay, liquidated damages, interest, costs and attorneys' fees under the Fair Labor Standards Act (29 U.S.C. §§ 201, *et seq.*, the "FLSA") the New York Labor Law ("NYLL"), and associated rules and regulations. Faillace Dec. ¶¶ 2-3; **Ex. A**. Docket Entry ("DE") 1. Copies of the summons and complaint were served on August 23, 2018 on Defendants 79th Street Gourmet & Deli Inc. (d/b/a Gourmet Deli & Grocery), New Utrecht Gourmet Deli And Grocery Inc. (d/b/a Gourmet Deli & Grocery), and Columbus Grocery And Deli Corp. (d/b/a Gourmet Deli & Grocery) pursuant to Fed. R. Civ. P. 4(e)(1) and N.Y. Bus. Corp. Law § 306(b) (serving an authorized agent of the Secretary of State). **Exs. B, C, and D,** respectively**.** Defendants Mohamed S. Muthana and Ahmed F. Mustafa were served on September 4, 2018 pursuant to FRCP 4(e) (1) and New York C.P.L.R. § 308(2), by delivering the Summons and Complaint to a person of suitable age and discretion at Defendants' actual place of business and mailing a copy of it to

---

[1] The exhibits attached to the Faillace Dec. shall hereinafter be styled as "**Ex. \_\_\_**."

each Defendant in accordance with the requirements of New York CPLR § 308(2). **Exs. E** and **F**, respectively. Proof of such service as to Defendants thereof was filed on August 29, 2018 and on September 10, 2018. DE 6-10.

The Defendants failed to answer the complaint, or otherwise appear, and on October 15, 2018, the clerk of the Court issued certificates of default. *Id.* ¶ 9; **Ex. G, H, I, J and K**.

As alleged in the Complaint and accompanying affidavits, Plaintiff is a former employee of Defendants. **Exhibit A** ¶¶ 1, 15, 33, 35; **Exhibit L** ¶¶ 3, 8. Defendants own(ed), operate(d), and control(led) two delis, located at 7818 New Utrecht Ave., Brooklyn, NY 11214, and 8523 18th Ave., Brooklyn NY 11214 operating under the name Gourmet Deli & Grocery. **Ex. A** ¶ 2; **Ex. L** ¶ 3. Defendants had the power to hire and fire the Plaintiff, control Plaintiff's terms and conditions of employment, and determine the rate and method of Plaintiff's compensation. **Exhibit A** ¶¶ 21-22, 30; **Exhibit L** ¶ 5.

At all times relevant to this action, Defendants were engaged in interstate commerce or in an industry or activities that affect interstate commerce. **Exhibit A** ¶¶ 32, 37; **Exhibit L** ¶ 11. The gross annual volume of sales made by Defendants, in each year from 2015 to 2018, was not less than $500,000. **Exhibit A** ¶ 31; **Exhibit L** ¶ 12.

*Plaintiff Edgar Baizan Guerrero*

1. Plaintiff Edgar Baizan Guerrero was employed by Defendants as a grill and deli worker from approximately July 2015 until on or about August 12, 2018. (**Exhibit A** ¶¶ 35-36; **Exhibit L** ¶¶ 8-9)

2. Plaintiff Baizan's work did not require discretion or independent judgment. (**Exhibit A** ¶ 38; **Exhibit L** ¶ 10)

3. From approximately July 2015 until on or about March 2016 Plaintiff Baizan worked at the New Utrecht Avenue location from approximately 1:00 p.m. until on or about 1:00 a.m., 7 days a week (typically 84 hours per week). (**Exhibit A** ¶ 40; **Exhibit L** ¶ 14)

4. From approximately March 2016 until on or about February 2017, Plaintiff Baizan worked at the New Utrecht Avenue location from approximately 6:00 a.m. until or about 6:00 p.m. Mondays through Fridays and from approximately 10:00 a.m. until on or about 6:00 p.m. Saturdays and Sundays (typically 76 hours per week). (**Exhibit A** ¶ 41; **Exhibit L** ¶ 15)

5. From approximately February 2017 until on or about May 2018, Plaintiff Baizan worked at the New Utrecht Avenue location from approximately 1:00 p.m. until on or about 1:00 a.m., 7 days a week (typically 84 hours per week). (**Exhibit A** ¶ 40; **Exhibit L** ¶ 16)

6. From approximately May 2018 until on or about August 12, 2018, Plaintiff Baizan worked at the 18th Avenue location from approximately 6:00 a.m. until on or about 6:00 p.m. Mondays through Saturdays and from approximately 8:00 a.m. until on or about 4:00 p.m. on Sundays (typically 80 hours per week). (**Exhibit A** ¶ 42; **Exhibit L** ¶ 17)

7. Throughout his employment, Plaintiff Baizan was paid his wages in cash. (**Exhibit A** ¶ 43; **Exhibit L** ¶ 18)

8. From approximately July 2015 until on or about May 2018, Plaintiff Baizan's rate of pay was $11.00 per hour, for all hours worked. (**Exhibit A** ¶ 44; **Exhibit L** ¶ 19)

9. From approximately May 2018 until on or about August 12, 2018, Plaintiff Baizan's rate of pay was $12.00 per hour, for all hours worked. (**Exhibit A** ¶ 45; **Exhibit L** ¶ 20)

10. Plaintiff Baizan's wages did not vary regardless of how many hours he worked. (**Exhibit A** ¶¶ 40-42, 44-45; **Exhibit L** ¶¶ 14-17, 19-20)

11. Plaintiff Baizan did not receive overtime pay (at time and a half) for hours worked in excess of forty (40) hours per week. (**Exhibit A ¶¶ 44-45; Exhibit L ¶¶ 19-20**)

12. Defendants did not provide Plaintiff Baizan with any statement of wages together with each wage payment. (**Exhibit A ¶ 49; Exhibit L ¶ 25**)

13. Defendants did not provide Plaintiff Baizan with a written notice, in English or in Spanish (his primary language), of his rate of pay, employer's regular pay day, or any such other information relating to his compensation. (**Exhibit A ¶ 50; Exhibit L ¶ 26**)

## ARGUMENT

I. PLAINTIFF IS ENTITLED TO JUDGMENT BY DEFAULT

It is well settled that defendants who fail to file an answer or otherwise move in respect to a complaint filed, are deemed to have admitted all of the well-pleaded allegations in the complaint pertaining to liability. *D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 107 (2d Cir. 2006) ("Rule 55 tracks the ancient common law axiom that a default is an admission of all well-pleaded allegations against the defaulting party") (citation omitted). Defendants have failed to file an answer or otherwise respond to the Complaint, despite the time to do so having expired. Thus, Plaintiff's allegations are unchallenged, and consequently the Complaint and declarations attached hereto establish Plaintiff's right to default judgment.

Upon entry of a default, the court may award damages based upon evidence submitted through affidavits and exhibits, or by an evidentiary hearing. *Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Foundation Contractors, Inc.*, 699 F.3d 230, 234 (2d Cir. 2012). "While Rule 55(b)(2) permits the district court to conduct a hearing to determine damages, such a hearing is not mandatory." *Id.* "Together, 'Rule 55(b)(2) and relevant case law give district judges

4

much discretion in determining when it is "necessary and proper" to hold an inquest on damages.'" *Id.* (quoting *Tamarin v. Adam Caterers, Inc.*, 13 F.3d 51, 54 (2d Cir. 1993)).

Plaintiff maintains that the proof submitted herewith is sufficient on its own to obviate the need for a hearing on damages. Based on the evidence Plaintiff has put forward, damages, including back pay, liquidated damages, prejudgment interest, should be awarded in the amount of $116,619.79, plus attorneys' fees.

a. <u>Unpaid Minimum and Overtime Wages</u>

At all times relevant to the FLSA claims in this action, the minimum wage rate under the FLSA was $7.25 per hour. Employees must be paid one-and-one half times their regular rate for each hour worked over forty (40) hours worked in a week. 29 U.S.C. § 207(a)(1). As of December 31, 2014, the New York Minimum wage rate was $8.75 per hour; it further increased to $9.00 per hour as of December 31, 2015; it further increased to $10.50 per hour as of December 31, 2016; it further increased to $12.00 per hour as of December 31, 2017. 12 N.Y.C.R.R. 142-2.1. New York's rules on overtime explicitly incorporate those of the FLSA, and thus require pay at one-and-one-half times the regular normal rate for each hour over forty hours worked in a week. 12 N.Y.C.R.R. 142-2.2. The regular rate is the rate an employee is regularly paid for each work hour. 12 N.Y.C.R.R. § 146-3.5.

The onus is on an employer to maintain records of employees' hours worked and wages paid. 29 U.S.C. §211(c). "In a FLSA case, in the absence of rebuttal by [D]efendants, [P]laintiffs' recollection and estimates of hours worked are presumed to be correct." *Zeng Liu v. Jen Chu Fashion Corp*, 2004 U.S. Dist. LEXIS 35, *8 (S.D.N.Y. 2004)

Here, Plaintiff was not paid at overtime at the rate of one-and-a-half times their regular rate.  Rather he was paid at fixed rates that did not take his hours worked into account.

5

Plaintiff Baizan is owed $39,080.00 in unpaid minimum and overtime wages. *See* **Ex. N**.

b.   Violations of Wage Notice and Statement Requirements

Defendants never provided Plaintiff with a wage notice at the start of his employment or annually, or a wage statement with each payment of wages as required by NYLL §§ 195(1) and 195(3). Plaintiff is therefore entitled to statutory damages in the maximum amount of $5,000 under each section, for a total of $10,000.

c.   Liquidated Damages

The NYLL provides for a liquidated damages award "'unless the employer proves a good faith basis to believe that its underpayment of wages was in compliance with the law.'" *McLean v. Garage Management Corp.*, 2012 U.S. Dist. LEXIS 55425 at *21 (S.D.N.Y. April 19, 2012) (quoting NYLL §198(1-a)). This is the same as the FLSA's good-faith standard for liquidated damages. Given the uncontroverted evidence of Defendants' lack of good faith Plaintiff is entitled by statute to liquidated damages under the New York Labor Law, computed at 100% of the unpaid overtime wages. Accordingly, Plaintiff is entitled to liquidated damages of 100% on his unpaid overtime wages under the NYLL.

Plaintiff is entitled to liquidated damages of $39,080.00 on his unpaid minimum and overtime wages. **Exhibit N.**

d.   Prejudgment Interest

The Plaintiff also seeks an award of prejudgment interest on the New York law claims for unpaid minimum and overtime wages and spread-of-hours pay. Under New York law, the court may award prejudgment interest pursuant to N.Y. C.P.L.R. § 5001 on an award of back pay. *See Epstein v. Kalvin-Miller Int'l, Inc.*, 139 F. Supp. 2d 469, 485-86 (S.D.N.Y. 2001); *McIntyre v. Manhattan Ford, Lincoln-Mercury, Inc.*, 176 Misc. 2d 325, 336 (N.Y. County 1997). This is

6

because under New York law, prejudgment interest compensates the Plaintiff for the Defendants' interest-free use of the Plaintiff's money. *See Gierlinger v. Gleason*, 160 F.3d 858, 874 (2d Cir. 1998); *Chandler v. Bombardier Capital, Inc.*, 44 F.3d 80, 83 (2d Cir. 1994); *Reilly v. Natwest Mkts. Group,* 181 F.3d 253, 265 (2d Cir. 1999), *cert. denied*, 528 U.S. 1119 (2000). In addition, under New York law, prejudgment interest can be awarded in addition to liquidated damages. This is so because under New York law liquidated damages are considered a penalty, serving a different purpose as a sanction for willfully failing to pay wages. *Carter v. Frito-Lay, Inc.*, 425 N.Y.S. 2d 115, 115 (1st Dep't 1980), *aff'd*, 52 N.Y.2d 994, 438 N.Y.S.2d 80 (1981).

Under N.Y. C.P.L.R. § 5004, prejudgment interest runs at the rate of nine percent (9%) per annum simple interest. *See Perero v. Food Jungle, Inc.*, No. 05 Civ 4347, 2006 WL 2708055, at *8 (E.D.N.Y. Aug. 7, 2006). As to the date from which interest is to be calculated, the statute states that "[w]here . . . damages were incurred at various times, interest [may] be computed . . . upon all of the damages from a single reasonable intermediate date." N.Y. C.P.L.R. § 5001(b). When claims that are reduced to judgment have arisen on different dates, the Court may compute prejudgment interest from an appropriate single median date. See *Perero*, 2006 WL 2708055, at *8; *Koylum, Inc. v. Peksen Realty Corp.*, 357 F. Supp. 2d 593, 597 (E.D.N.Y. ), *aff'd in pertinent part and vacated in part*, 160 Fed.Appx. 91 (2d Cir. 2005). Thus, prejudgment interest on Plaintiff's back pay awards should be computed from the median of each relevant period to the date of judgment.

As of November 21, 2018, Plaintiff is entitled to $7,784.79 in prejudgment interest for unpaid minimum and overtime wages and spread-of-hours pay. **Exhibit N.**

7

e. <u>Attorneys' Fees and Costs</u>

The FLSA and New York Labor Law both contain fee-shifting provisions for actions to recover unpaid wages. 29 U.S.C. § 216(b) ("The court in such action shall, in addition to any judgment awarded to the Plaintiff or Plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action"); N.Y. Labor Law § 663(1) ("[An employee] may recover . . . costs and such reasonable attorney's fees as may be allowed by the court").

Plaintiff incurred costs and attorneys' fees in pursuing this action and seeks an award of reasonable attorneys' fees and costs. The attorneys' fees and costs total $2,717.00 including a filing fee of $400.00 and fees associated with serving the Defendants with the summons and complaint.

A breakdown of attorneys' fees and costs incurred in filing the Complaint and seeking default, in the form of this firm's standard billing sheet is attached to the Faillace Dec. as **Ex. M**.

f. <u>Additional Damages</u>

Plaintiff also requests that the judgment provide that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4).

## **CONCLUSION**

For the reasons stated above and in the accompanying affirmation, affidavit, and exhibits, the Plaintiff's application for a default judgment should be granted in its entirety.

Dated: New York, New York
December 4, 2018

MICHAEL FAILLACE & ASSOCIATES, P.C.

/s/ Michael Faillace
Michael Faillace, Esq.

8

          MICHAEL FAILLACE & ASSOCIATES, P.C.
          One Grand Central Place
          60 East 42nd Street, Suite 4510
          New York, New York 10165
          Tel: (212) 317-1200
          Fax: (212) 317-1620
          Email: michael@faillacelaw.com
          *Attorneys for Plaintiff*