**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------------X
EDGAR BAIZAN GUERRERO, individually
and on behalf of all others similarly situated,

                         Plaintiff,           **REPORT AND RECOMMENDATION**

    -against-                           **18-CV-04761 (ARR) (ST)**

79TH STREET GOURMET & DELI INC.
(D/B/A GOURMET DELI & GROCERY), NEW
UTRECHT GOURMET DELI AND GROCERY
INC. (D/B/A GOURMET DELI & GROCERY),
COLUMBUS GROCERY AND DELI CORP.
(D/B/A GOURMET DELI & GROCERY),
MOHAMED S. MUTHANA, AND AHMED F.
MUSTAFA,

                        Defendants.
------------------------------------------------------------X

**TISCIONE, United States Magistrate Judge:**

       Plaintiff Edgar Baizan Guerrero brought this action against five Defendants—79th Street

Gourmet & Deli Inc. (d/b/a Gourmet Deli & Grocery), New Utrecht Gourmet Deli and Grocery

Inc. (d/b/a Gourmet Deli & Grocery), Columbus Grocery Deli Corp. (d/b/a Gourmet Deli &

Grocery) ("Corporate Defendants"), Mohamed S. Muthana, and Ahmed F. Mustafa ("Individual

Defendants")—alleging that they employed him as a grill and deli worker and, in the course of his

employment, violated the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, ("FLSA") and several

provisions of the New York Labor Law ("NYLL"), N.Y. Lab. Law § 650 *et seq*. Plaintiff moved

for default judgment upon Defendants' failures to answer or otherwise respond to the Complaint

despite proper service and, on December 7, 2018, the Honorable Allyne R. Ross referred the

motion to this Court for a report and recommendation.

1

Based on a review of the well-pleaded allegations and evidence presented in Plaintiff's filings, I respectfully recommend that the Court grant Plaintiff's motion for default judgment and enter damages as described herein.

## BACKGROUND[1]

### I.   Factual History

From approximately July 2015 until August 12, 2018, Plaintiff worked as a grill and deli worker at two delis owned and operated by Defendants under the name Gourmet Deli & Grocery and located at 7818 New Utrecht Ave., Brooklyn, NY 11214 ("New Utrecht Location") and at 8523 18th Ave., Brooklyn, NY 11214 ("18th Ave. Location"). *See* Dkt. No. 1 ("Compl.") ¶¶ 4, 35; Dkt. No. 21–12 (Declaration of Edgar Baizan Guerrero) ("Baizan Decl.") ¶¶ 8–9. Individual Defendants served as the owners, managers, principals or agents of the Corporate Defendants, and controlled the wages and hours of Gourmet Deli's employees. *See* Compl. ¶ 3; Baizan Decl. ¶ 4.

Plaintiff regularly worked in excess of 40 hours per week at the New Utrecht Location from July 2015 until May 2018, and then at the 18th Ave. Location from May 2018 until August 12, 2018. *See* Compl. ¶¶ 40–42; Baizan Decl. ¶¶ 14–17. Throughout his employment, Plaintiff was paid a fixed rate in cash, irrespective of the number of hours he worked: from approximately July 2015 until May 2018, Plaintiff was paid $11.00 per hour, and from approximately May 2018 until August 12, 2018, Plaintiff was paid $12.00 per hour.[2] *See* Compl. ¶¶ 43–45; Baizan Decl. ¶¶ 18–

---

[1] On a motion for default judgment, the Court is "required to accept all of [the plaintiff's] factual allegations as true and draw all reasonable inferences in its favor." *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009) (citation omitted). Thus, the Court "deems all the well-pleaded allegations in the pleadings to be admitted." *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 108 (2d Cir. 1997) (citation omitted); *see also Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Constr., LLC*, 779 F.3d 182, 189 (2d Cir. 2015) (affirming liability of defaulting defendant based upon "the factual allegations in the complaint, combined with uncontroverted documentary evidence submitted by [the] plaintiff").

[2] In a FLSA case, an approximation of hours worked based on "a plaintiff's sworn declarations . . . is considered a sufficient basis for the determination of damages, even if the information provided is general and not detailed." *Hernandez v. Delta Deli Mkt. Inc.*, No. 18-CV-375 (ARR) (RER), 2019 U.S. Dist. LEXIS 23756, at *14 (E.D.N.Y. Feb. 12, 2019) (citation omitted); s*ee also Escamilla v. Young Shing Trading Co.*, No. 17-CV-652 (MKB)

20. Further, Plaintiff was never: (1) granted any breaks or meal periods; (2) required to track his time; or (3) provided with any wage statements or documents reflecting minimum wage and overtime requirements under New York State or federal law. *See* Compl. ¶¶ 46–50; Baizan Decl. ¶¶ 23–26.

## II.   Procedural History

Plaintiff initiated this putative collective action on August 22, 2018 to recover unpaid minimum and overtime wages under the FLSA and NYLL, and spread-of-hours pay, liquidated and statutory damages, interest, attorneys' fees and costs under the NYLL. Compl. ¶ 10. Corporate Defendants were duly served with copies of the Summons and Complaint via the Secretary of State on August 23, 2018. *See* Dkt. Nos. 6–8; Fed. R. Civ. P. 4(e)(1); N.Y. Bus. Corp. Law § 306(b). Individual Defendants were duly served on September 4, 2018 when copies of the Summons and Complaint were delivered to a person of suitable age and discretion at Individual Defendants' actual place of business and by mailing the same via first class mail to Individual Defendants' actual place of business. *See* Dkt. Nos. 9–10; N.Y. Civ. Prac. Laws and Rules ("C.P.L.R.") § 308(2). On October 15, 2018, the Clerk of Court certified Defendants' default pursuant to Fed. R. Civ. P. 55(a) upon Defendants' failure to answer or otherwise respond to the Complaint. Dkt. No. 14.

On November 21, 2018, Plaintiff moved for default judgment, but did not submit an accompanying memorandum of law. Dkt. Nos. 17–19. Therefore, on December 4, 2018, with leave from the Court, Plaintiff re-filed his motion, accompanied by a Memorandum of Law in Support

---

(SJB), 2018 U.S. Dist. LEXIS 3901, at *9 (E.D.N.Y. Jan. 8, 2018) (Plaintiff not precluded "from relying on approximation or estimation" in alleging dates of employment on motion to dismiss), *adopted by*, 2018 U.S. Dist. LEXIS 29972 (E.D.N.Y. Feb. 23, 2018).

of Plaintiff's Motion. Dkt. Nos. 20–22. The Honorable Allyne R. Ross then referred the motion to

this Court for a report and recommendation on December 7, 2018. Dkt. No. 23.

Plaintiff served Defendants with the Notice of Motion for Default Judgment, the

Declaration of Michael Faillace in Support of Plaintiff's Motion, and the Memorandum of Law in

Support of Plaintiff's Application for Default Judgment, on December 12, 2018. Dkt. No. 24.

Although Plaintiff originally sought designation of this action as a collective action pursuant to 29

U.S.C. § 216(b) (Compl. ¶ 34), he has not reiterated this request in the present motion, and

therefore the Court will consider his request to have been waived. *See Galicia v. 63-68 Diner

Corp.*, No. 13-CV-3689 (PKC), 2015 U.S. Dist. LEXIS 40599, at *2 (E.D.N.Y. Mar. 30, 2015)

(citing *Rodrigues v. Almighty Cleaning, Inc.*, 784 F. Supp. 2d 114, 133 (E.D.N.Y. 2011)) (finding

collective action request waived where Plaintiff failed to reiterate request in motion for default

judgment).

## DISCUSSION

### I.   **Default Judgment**

The Federal Rules of Civil Procedure prescribe a two-step process for a plaintiff to obtain

a default judgment. First, when "a party against whom a judgment for affirmative relief is sought

has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the

clerk must enter the party's default." Fed. R. Civ. P. 55(a). Second, after a default has been entered

against a defendant, and the defendant fails to appear or move to set aside the default under Rule

55(c), the Court may, on a plaintiff's motion, enter a default judgment. Fed. R. Civ. P. 55(b)(2).

Once a defendant is found to be in default, he is deemed to have admitted all of the well-

pleaded allegations in the complaint pertaining to liability. *Greyhound Exhibitgroup, Inc. v.

E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992). However, a district court retains the

discretion to determine whether a default judgment is appropriate based on the specific circumstances of a given case. *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95 (2d Cir. 1993); *see also Taylor v. 312 Grand St. LLC*, No. 15-CV-5410 (BMC), 2016 U.S. Dist. LEXIS 36623, at *7 (E.D.N.Y. Mar. 22, 2016) ("[J]ust because a party is in default, the plaintiff is not entitled to a default judgment as a matter of right.") (citations omitted). In light of the Second Circuit's "oft-stated preference for resolving disputes on the merits[,]" default judgments are "generally disfavored[,]" and any "doubt should be resolved in favor of the defaulting party." *Enron*, 10 F.3d at 95–96.

Thus, despite a defendant's default, the plaintiff bears the burden of demonstrating that the unchallenged allegations and all reasonable inferences drawn from the evidence provided establish the defendant's liability on each asserted cause of action. *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 137 (2d Cir. 2011) (citation omitted); *see also, e.g., Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981) (reversing dismissal where district court failed to accept the plaintiff's factual allegations as true). In other words, "after default . . . it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit conclusions of law." *Rolls-Royce PLC v. Rolls-Royce USA, Inc.*, 688 F. Supp. 2d 150, 153 (E.D.N.Y. 2010) (citations omitted).

## II.    Whether This Court Has Jurisdiction

For the reasons discussed below regarding the applicability of the FLSA to Defendants' employment of Plaintiff, this Court concludes that federal question jurisdiction exists for Plaintiff's FLSA claims. *See* 28 U.S.C. § 1331. Where original jurisdiction exists, a district court "shall have supplemental jurisdiction over claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United

States Constitution." 28 U.S.C. § 1367(a). Under § 1367, claims form part of the same case or controversy if those claims "derive from a common nucleus of operative fact." *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966); *accord Kegun Chen v. Oceanica Chinese Rest., Inc.*, 13-CV-4623 (NGG) (PK), 2018 U.S. Dist. LEXIS 140925, at *5 (E.D.N.Y. 2018). "It is well settled that NYLL and FLSA claims that arise out of the same compensation policies and practices derive from the same common nucleus of operative fact." *Salustio v. 106 Columbia Deli Corp.*, 264 F. Supp. 3d 540, 551 (S.D.N.Y. 2017) (citing *Shahriar v. Smith & Wollensky Rest. Grp., Inc.*, 659 F.3d 234, 245 (2d Cir. 2011) (other citation omitted)).

Here, Plaintiff's NYLL and FLSA claims, like a previous case from this District involving alleged unpaid wage claims, both "involve allegations that [Defendants] were 'employers' who denied Plaintiff wages and overtime payment" and the facts in both claims "all stem from the same time period, the same location, and the same overall circumstance"; thus, both claims "are considered to be part of a common nucleus of operative fact." *Kegun Chen*, 2018 U.S. Dist. LEXIS 140925, at *7 (citing *Treglia v. Town of Manlius*, 313 F.3d 713, 723 (2d Cir. 2002)). Therefore, this Court concludes that the exercise of supplemental jurisdiction over Plaintiff's state law claims is appropriate.

This Court also finds that it has personal jurisdiction over Defendants. Corporate Defendants are incorporated in the State of New York and maintain their principal place of business in Brooklyn, New York (Compl. ¶¶ 17–20); therefore, they are subject to the Court's general jurisdiction. *See Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014) (noting that the "place of incorporation and principal place of business are 'paradigm bases for general jurisdiction'") (citations, ellipses, and brackets omitted). Moreover, Plaintiff demonstrated effective service on Corporate Defendants via the New York Secretary of State pursuant to N.Y. Bus. Corp. Law §

306(b)(1). Dkt. Nos. 6–8. Therefore, this Court has personal jurisdiction over Corporate Defendants. *See Bhagwat v. Queens Carpet Mall, Inc.*, No. 14-CV-5474 (ENV) (PK), 2018 U.S. Dist. LEXIS 176986, at *8 (E.D.N.Y. Sept. 12, 2018) ("Personal jurisdiction over a New York corporation is established once it is validly served in this district.") (citing Fed. R. Civ. P. 4(k)(1)(A), *adopted by*, 2018 U.S. Dist. LEXIS 176146 (E.D.N.Y. Oct. 7, 2018)). Individual Defendants transacted business within the state of New York as owners, officers and/or agents of Corporate Defendants. Compl. ¶¶ 21–22. In so doing, Defendants "purposefully availed themselves of the privilege of conducting activities within the forum State, thus invoking the benefits and protection of its laws." *Pintor v. Park King at JFK, LLC*, No. 16-CV-6269 (PKC) (PK), 2018 U.S. Dist. LEXIS 28940, at *8 (E.D.N.Y. Feb. 21, 2018) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985) (other citation omitted)), *adopted by*, 2018 U.S. Dist. LEXIS 39352 (E.D.N.Y. Mar. 8, 2018).  Based on Defendants' business activities, "they may be subject to the Court's specific jurisdiction under New York's long-arm statute." *Id.* (citing N.Y. C.P.L.R. § 302(a)(1)). Furthermore, Plaintiff demonstrated effective service on Individual Defendants pursuant to New York Civil Practice Law and Rules § 308(2). Dkt. Nos. 9–10. Therefore, Individual Defendants are subject to the Court's specific jurisdiction. *See* N.Y. C.P.L.R. § 302(a); *Pintor*, 2018 U.S. Dist. LEXIS 28940, at *8.

## III.   Whether the FLSA Applies to Plaintiff

### A.  Legal Standard

The FLSA governs minimum wages, maximum hours, and other policies and practices affecting employees and employers. *See Sandifer v. U.S. Steel Corp.*, 571 U.S. 220, 224 (2014). Under the FLSA, an "employer" is broadly defined to include "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). The

statute's definition of "person" extends to both individuals and entities. *See id.* § 203(a). Subject to certain statutory exceptions, an "employee" is defined as "any individual employed by an employer." *Id.* § 203(e)(1). Under the FLSA, an employee may have simultaneous employers, in which case "all joint employers are responsible, both individually and jointly, for compliance with all of the applicable provisions of the [FLSA]." *See Sarikaputar v. Veratip Corp.*, 371 F. Supp. 3d 101, 104 (S.D.N.Y. 2019) (quoting 29 C.F.R. § 791.2(a)).

To demonstrate entitlement to the FLSA's wage and overtime protections, a plaintiff must show: (1) that the defendant employed plaintiff, and (2) that the employment fell under the FLSA's individual or enterprise coverage provisions. *See Jacobs v. New York Foundling Hosp.*, 577 F.3d 93, 96–97 (2d Cir. 2009) (citing *Tony & Susan Alamo Found. v. Sec'y of Labor,* 471 U.S. 290, 295 n.8 (1985)); *see also* 29 U.S.C. § 206(a)(1) (providing for minimum wage for qualifying employees); *id.* § 207(a)(1) (providing for overtime protection for qualifying employees).

### i.  Defendants Constitute Joint Employers

In keeping with the FLSA's broad definition of "employer," The Second Circuit has held that "the determination of whether an employer-employee relationship exists for purposes of the FLSA should be grounded in 'economic reality rather than technical concepts,' determined by reference not to 'isolated factors, but rather upon the circumstances of the whole activity.'" *Barfield v. N.Y.C. Health & Hosps. Corp.*, 537 F.3d 132, 141 (2d Cir. 2008) (quoting *Goldberg v. Whitaker House Coop, Inc.*, 366 U.S. 28, 33 (1961); *Rutherford Food Corp. v. McComb*, 331 U.S. 722, 730 (1947)). There are "several sets of factors" that courts in this Circuit apply in assessing the economic reality of an employment relationship, ranging from a narrow set of "formal control" factors to a broad set of "functional control" factors. *Granda v. Trujillo*, No. 18-CV-3949 (PAE), 2019 U.S. Dist. LEXIS 14884, at *10 (S.D.N.Y. Jan. 30, 2019). The Second Circuit has noted that

the purpose of these various sets of factors is to "ensure that the economic realities test mandated by the Supreme Court is sufficiently comprehensive and flexible to give proper effect to the broad language of the FLSA." *Barfield*, 537 F.3d at 143. Thus, satisfaction of the more narrow "formal control" factors "is sufficient, but not necessary" to establish employer status. *Coley v. Vannguard Urban Improvement Ass'n*, No. 12-CV-5565 (PKC) (RER), 2018 U.S. Dist. LEXIS 54609, at *11 (E.D.N.Y. Mar. 29, 2018) (citing *Zheng v. Liberty Apparel Co.*, 355 F.3d 61, 71 (2d Cir. 2003); *see also Greenwalt v. AT&T Mobility LLC*, 642 F. App'x 36, 37 (2d Cir. 2016) ("satisfying [the formal control] test is sufficient, but not necessary, to show joint employment.").

The "formal control" factors include: "whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Carter v. Dutchess Cmty. Coll.*, 735 F.2d 8, 12 (2d Cir. 1984) (citation omitted). Here, Plaintiff's allegations closely track the "formal control" factors. Plaintiff avers that Individual Defendants "had the power to hire and fire me, control my terms and conditions of employment, and determine the rate and method of my compensation." Baizan Decl. ¶ 5; *see also* Compl. ¶ 30. Moreover, Plaintiff alleges that Individual Defendants established employee schedules and maintained employee records. Compl. ¶¶ 21–22. Therefore, Plaintiff's allegations are sufficient to establish that Individual Defendants were his "employers" within the meaning of the FLSA. *See Thompson v. Hyun Suk Park*, No. 18-CV-6 (AMD) (ST), 2019 U.S. Dist. LEXIS 36111, at *8 (E.D.N.Y. Mar. 5, 2019) (citations omitted) (tracking the "formal control" factors "has been repeatedly found sufficient to establish [employer status] at the default judgment stage"), *adopted by*, 2019 U.S. Dist. LEXIS 47176 (E.D.N.Y. Mar. 20, 2019); *see also Kliger v. Liberty Saverite Supermarket Inc.*, No. 17-CV-2520 (FB) (ST), 2018 U.S. Dist. LEXIS 159450, at *9–10 (E.D.N.Y.

9

Sept. 17, 2018) (individual defendant constituted employer where plaintiff alleged that he had sole power to hire and fire employees, control their schedule and pay, and maintain employment records) (citing *Chuchuca v. Creative Customs Cabinets Inc.*, No. 13-CV-2506 (RLM), 2014 U.S. Dist. LEXIS 164846, at *19–20 (E.D.N.Y. Nov. 25, 2014)), *adopted by*, 2018 U.S. Dist. LEXIS 171180 (E.D.N.Y. Oct. 3, 2018).

Further, Plaintiff's allegations suffice to conclude that Individual Defendants employed Plaintiff jointly with Corporate Defendants. Plaintiff alleges that "Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees" (Compl. ¶ 25); that each Defendant "possessed substantial control over Plaintiff['s] . . . working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff" (*id.* ¶ 26); and that Defendants had the power to hire and fire Plaintiff, control the terms of his employment, and determine the rate and method of his compensation (*id.* ¶ 30). Thus, the allegations in the Complaint—deemed admitted by Defendants' default—are sufficient for this Court to conclude that Defendants jointly employed Plaintiff and that this employment fell under the FLSA's protections. *See, e.g.*, *Peralta v. M & O Iron Works, Inc.*, No. 12-CV-3179 (ARR) (RLM), 2014 U.S. Dist. LEXIS 34592, at *14 (E.D.N.Y. Feb. 19, 2014) (defendants constituted joint employers where they shared similar control over plaintiff's employment conditions), *adopted by*, 2014 U.S. Dist. LEXIS 32612 (E.D.N.Y. Mar. 11, 2014).

### ii. Enterprise or Individual Coverage

Under the FLSA, individual coverage applies where any individual employee is "engaged in commerce or in the production of goods for commerce," irrespective of his employer's "enterprise" status. *Jacobs*, 577 F.3d at 96 (quoting 29 U.S.C. § 207(a)(1)). Alternatively, any

"enterprise engaged in commerce or in the production of goods for commerce" is subject to the FLSA under enterprise coverage. 29 U.S.C. §§ 203(s)(1); 207(a)(1); *Jacobs*, 577 F.3d at 96. Enterprise coverage applies when an enterprise:

> (1) 'has employees engaged in commerce or in the production of goods for commerce,' or 'has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person,' and (2) has annual gross volume of sales made or business done of not less than $500,000.

*Galicia v. 63-68 Diner Corp.*, No. 13-CV-3689 (PKC), 2015 U.S. Dist. LEXIS 40599, at *5 (E.D.N.Y. Mar. 30, 2015) (quoting 29 U.S.C. § 203(s)(1)(A)).

Here, Plaintiff's allegations suffice to establish that Defendants are subject to the FLSA under enterprise coverage. Plaintiff avers that he "handled goods that traveled in interstate commerce every day such as food and other supplies produced outside the State of New York" (Baizan Decl. ¶ 11; *see also* Compl. ¶ 37), and that Defendants, both separately and jointly, had gross annual sales of at least $500,000.00 (*see* Baizan Decl. ¶ 12; Compl. ¶ 31). While "somewhat conclusory," the "specific allegation that Defendants have an annual gross revenue in excess of $500,000.00 . . . is sufficient to meet the pleading requirement under the FLSA." *Cardoza v. Mango King Farmers Mkt. Corp.*, No. 14-CV-3314 (SJ) (RER), 2015 U.S. Dist. LEXIS 126019, at *13 (E.D.N.Y. Sep. 1, 2015) (citing *Gonzales v. Gan Israel Pre–Sch.*, No. 12-CV-6304 (MKB), 2014 U.S. Dist. LEXIS 34633, at *19 (E.D.N.Y. Mar. 14, 2014)), *adopted by*, 2015 U.S. Dist. LEXIS 125776 (E.D.N.Y. Sept. 21, 2015). Moreover, it is reasonable to infer that the operation of a New York deli with over $500,000.00 in annual sales "requires a wide variety of materials . . . for example, foodstuffs, kitchen utensils, cooking vessels, cleaning supplies," and it is "reasonable to infer that some of these materials moved or were produced in interstate commerce." *Fermin v. Las Delicias Peruanas Rest., Inc.*, 93 F. Supp. 3d 19, 33 (E.D.N.Y. 2015) (citation omitted).

Having found that the Individual and Corporate Defendants were jointly Plaintiff's employers, and that such employment fell under the FLSA's enterprise coverage, this Court recommends that each Defendant be held jointly and severally liable for any award of damages made in Plaintiff's favor. *Id.* at 37.

## IV.   Whether the NYLL Applies to Plaintiff

### A.  Legal Standard

As with the FLSA, the NYLL covers certain activities or practices affecting employers and employees. The NYLL defines an employer as a "person, corporation, limited liability company, or association employing any individual in any occupation, industry, trade, business or service." NYLL § 190(3). An employee is defined as "any person employed for hire by an employer in any employment." *Id.* § 190(2). Because the NYLL's definitions of "employee" and "employer" are "nearly identical" to the corresponding definitions under the FLSA, "courts use the same tests to determine joint employment under both the NYLL and the FLSA." *Apple v. Atl. Yards Dev. Co., LLC*, No. 11-CV-5550 (JG), 2014 U.S. Dist. LEXIS 152053, at *18 n.4 (E.D.N.Y. Oct. 27, 2014) (citation omitted).

### B.  Plaintiff's Employment is Covered by the NYLL

For the reasons discussed above regarding the applicability of the FLSA, this Court finds that Plaintiff's employment by Defendants falls under the NYLL's definition of employment. *See Mahoney v. Amekk Corp.*, No. 14-CV-4131 (ENV) (VMS), 2016 U.S. Dist. LEXIS 137786, at *24–25 (E.D.N.Y. Sept. 30, 2016) (citation omitted) (concluding that the standards for defining employers are coextensive under the FLSA and the NYLL), *adopted by*, 2016 U.S. Dist. LEXIS 154286 (E.D.N.Y. Oct. 28, 2016); *Ansoumana*, 255 F. Supp. 2d at 189 (holding that the NYLL

and the FLSA "embody similar standards" with respect to the definition of "employer") (citation omitted).

## V.     Whether Plaintiff's Claims Are Timely Under the NYLL and FLSA

Under the FLSA, the statute of limitations is two years, whereas under the NYLL the statute of limitations is six years. *See* 29 U.S.C. § 255(a); NYLL § 663(3). Upon a showing that an employer's violation of the FLSA was willful, however, the FLSA limitations period may be extended to three years. 29 U.S.C. § 255(a). An employee bringing suit bears the burden of demonstrating that an employer's violations were willful. *Parada v. Banco Indus. De Venezuela, C.A.*, 753 F.3d 62, 71 (2d Cir. 2014).

Plaintiff filed this action on August 22, 2018 to recover damages for conduct that occurred from July 2015 until August 12, 2018. Thus, even if this Court were to find willful conduct under the FLSA, Plaintiff still would not be entitled to recover for the period of alleged wrongful conduct because it exceeds three years. Under the NYLL, on the other hand, Plaintiff is not barred by the statute of limitations, because the entirety of his employment period is covered under the six-year New York State limitations period. Where a plaintiff may recover under either the FLSA or the NYLL, "courts [choose] one statute or the other . . . with the goal of maximizing the plaintiff's recovery." *Pinzon v. Paul Lent Mech. Sys.*, No. 11-CV-3384 (DRH) (WDW), 2012 U.S. Dist. LEXIS 134122, at *5 (E.D.N.Y. Aug. 21, 2012), *adopted by*, 2012 U.S. Dist. LEXIS 134125 (E.D.N.Y. Sept. 19, 2012). Since the entirety of Plaintiff's claims are timely under the NYLL, this Court concludes that calculating damages under the NYLL will best maximize Plaintiff's recovery. *See Hernandez v. JRPAC Inc.*, No. 14-CV-4176 (PAE), 2016 U.S. Dist. LEXIS 75430, at *100–01 (S.D.N.Y. June 9, 2016) ("Plaintiffs' damages award under the NYLL necessarily will subsume their award under the FLSA, both because of the higher minimum wage that governed during certain periods and because of the longer period covered by the NYLL."). Thus, this Court declines

to decide whether Defendants' conduct was willful, under the FLSA, and instead proceeds to assess liability and damages under the NYLL.

## VI.    Liability and Damages

By defaulting, a defendant admits to all of the well-pleaded allegations concerning liability, but not those pertaining to damages. *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992). Once liability is established as to a defaulting defendant, the Court must conduct an analysis to establish damages to a "reasonable certainty." *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999). Under Rule 55, the Court "may conduct hearings or make referrals . . . when, to enter or effectuate judgment, it needs to . . . determine the amount of damages [or] establish the truth of any allegation by evidence." Fed. R. Civ. P. 55(b)(2). However, a hearing is not required when the plaintiffs have submitted detailed affidavits and other documentary evidence supporting their request for damages. *Gunawan v. Sake Sushi Rest.*, 897 F. Supp. 2d 76, 83 (E.D.N.Y. 2012) (citations omitted). Here, the evidence submitted by Plaintiff with his motion for default judgment, including declarations from Plaintiff and his attorney, together with other documentary evidence including a damages chart (Dkt. No. 21-14) and attorneys' time records (Dkt. No. 21-13) is sufficiently detailed for this Court to calculate damages without conducting a hearing. *See, e.g.*, *Garcia v. Pawar Bros Corp.*, No. 18-CV-2656 (BMC), 2018 U.S. Dist. LEXIS 146405, at *3–4 (E.D.N.Y. Aug. 27, 2018) (finding attorneys' time records, affidavits from plaintiff and his attorney adequate to establish damages).

Plaintiff requests monetary remedies for: (1) unpaid minimum and overtime wages under the FLSA and NYLL; (2) unpaid spread-of-hours pay under the NYLL; (3) liquidated damages under the NYLL; (4) statutory damages under the NYLL; and (5) attorneys' fees and costs. *See* Declaration of Michael Faillace, Esq., In Support of Plaintiff's Motion for Default Judgment

("Faillace Decl.") ¶¶ 2–3, 19, Dkt. No. 21. Plaintiff also seeks pre- and post-judgment interest and an automatic increase of judgment by 15% pursuant to NYLL § 198(4) if Defendants do not pay within ninety days of the judgment or expiration of the time to appeal. *Id.* ¶¶ 19, 23–24.

### A. Unpaid Regular Wages

An employer subject to the FLSA and NYLL is required to pay its employees at least the minimum wage for every hour worked. *See* 29 U.S.C. § 206; NYLL § 652(1); N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.1(a). If a plaintiff is entitled to recover actual damages under both federal and state wage and hour laws, the plaintiff may recover under the statute providing the greater damages. *See Jiao v. Chen*, 03-CV-0165 (DF), 2007 U.S. Dist. LEXIS 96480, at *57–58 (S.D.N.Y. Mar. 30, 2007) (citation omitted).

At all times relevant to Plaintiff's claims here, the federal minimum wage rate was $7.25 per hour under the FLSA. 29 U.S.C. § 206(a)(1). By contrast, starting on December 31, 2014, the New York minimum wage rate was $8.75 per hour; on December 31, 2015, it further increased to $9.00 per hour; on December 31, 2016, it further increased to $10.50 per hour, and; on December 31, 2017, it further increased to $12.00 per hour. N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.1.[3]

Where a defendant-employer defaults in an FLSA action, the plaintiff-employee's "recollection and estimates of hours worked are presumed to be correct." *Gunawan*, 897 F. Supp. 2d at 83 (citations omitted). Here, Plaintiff alleges that he worked a weekly average of: (1) eighty-four hours from July 2015 until March 2016; (2) seventy-six hours from March 2016 until February 2017; (3) eighty-four hours from February 2017 until May 2018, and; (4) eighty hours from May

---

[3] Plaintiff does not provide any information regarding the number of employees employed by Defendants. Therefore, the minimum wage rate this Court applies corresponds with the rate for small employers of ten or fewer employees. *See Ortiz v. Red Hook Deli & Grocery 2015 Corporation*, No. 17-CV-7095 (RRM), 2019 U.S. Dist. LEXIS 99567, at *15 n.6 (E.D.N.Y. June 12, 2019) ("In the absence of information as to the size of an employer's workforce, courts apply the rate for small employers.") (citations omitted).

2018 until August 12, 2018. *See* Compl. ¶¶ 40–42; Baizan Decl. ¶¶ 14–17; *see also* Dkt. No. 21-14. He also alleges that he was paid $11.00 per hour from July 2017 until May 2018, and $12.00 per hour from May 2018 until August 12, 2019. *See* Compl. ¶¶ 44–45; Baizan Decl. ¶¶ 19–20. Finally, Plaintiff alleges that Defendants never provided him with wage statements. *See* Compl. ¶ 49; Baizan Decl. ¶ 25. These allegations are sufficient for this Court to conclude that Defendants violated the NYLL by failing to pay the minimum wage rate of $12.00 for the pay period starting in December 31, 2017 through May 15, 2018. Throughout this period, Plaintiff alleges that he was paid $11.00 per hour. Thus, Plaintiff was underpaid at a rate of $40.00 per week for the first 40 hours he worked in any given workweek. As this pay period was comprised of 19 weeks, the Court recommends awarding Plaintiff $760.00 in unpaid minimum wages.[4]

The following chart outlines the numbers used to reach this calculation:

| Pay Period | Weeks Worked | Hours Worked/ Week | Actual Wage Rate Paid | Minimum Wage Rate | Actual Wages Paid on First 40 Hours/Week | Wages Owed on First 40 Hours/Week | Underpaid Regular Wages/Week | Total for Pay Period |
|---|---|---|---|---|---|---|---|---|
| 12/31/2017 – 5/15/2018 | 19 | 84 | $11.00 | $12.00 | $440 | $480 | $40.00 | **$760.00** |

## B. Unpaid Overtime Wages

Under both the FLSA and NYLL, employees who work more than 40 hours in a single workweek are entitled to an overtime wage of not less than one-and-one-half times the regular rate for the excess hours worked. *See* 29 U.S.C. § 207(a)(1); 29 C.F.R. § 778.110(a); N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.4; *see also Nakahata v. New York-Presbyterian Healthcare Sys., Inc.*, 723 F.3d 192, 200 (2d Cir. 2013) (noting that the NYLL adopts the FLSA's definition of

---

[4] $40 * 19 = $760.00.

overtime into the NYLL) (citation omitted). "An employee's appropriate overtime rate is calculated by multiplying [an employee's] regular hourly rate (or the minimum wage rate, if his regular hourly rate falls below the minimum wage) by one and one-half." *Rosendo v. Everbrighten Inc.*, No. 13-CV-7256 (JGK) (FM), 2015 U.S. Dist. LEXIS 50323, at *12 (S.D.N.Y. Apr. 7, 2015), *adopted by*, 2015 U.S. Dist. LEXIS 98309 (S.D.N.Y. July 27, 2015).

Here, Plaintiff has established that Defendants failed to pay him overtime. Plaintiff's allegations and evidence show that he was paid an effective rate of $11.00 per hour from July 2017 until May 2018, and $12.00 per hour from May 2018 until August 12, 2018. *See* Compl. ¶¶ 44–45; Baizan Decl. ¶¶ 19–20. During that time, Plaintiff never received overtime pay at the rate of one-and-a-half times his regular rate; rather, his rate of pay did not vary regardless of how many hours he worked. Baizan Decl. ¶¶ 21–22. Therefore, this Court recommends awarding Plaintiff $38,320.00 in unpaid overtime compensation.

The following chart outlines the numbers used to reach this calculation:

17

| Pay Period | Weeks Worked | Overtime Hours Per Week | Wage Rate Paid | Minimum Wage Rate | Overtime Rate | Unpaid Overtime Per Week | Total for Pay Period |
|---|---|---|---|---|---|---|---|
| 7/1/2015 – 12/30/2015 | 26 | 44 | $11.00 | $8.75 | $16.50 | $242.00 | $6,292.00 |
| 12/31/2015 – 3/15/2016 | 11 | 44 | $11.00 | $9.00 | $16.50 | $242.00 | $2,662.00 |
| 3/16/2016 – 12/30/2016 | 41 | 36 | $11.00 | $9.00 | $16.50 | $198.00 | $8,118.00 |
| 12/31/2016 – 2/15/2017 | 7 | 36 | $11.00 | $10.50 | $16.50 | $198.00 | $1,386.00 |
| 2/16/2017 – 12/30/2017 | 45 | 44 | $11.00 | $10.50 | $16.50 | $242.00 | $10,890.00 |
| 12/31/2017 – 5/15/2018 | 19 | 44 | $11.00 | $12.00 | $18.00 | $308.00 | $5,852.00 |
| 5/16/2018 – 8/12/2018 | 13 | 40 | $12.00 | $12.00 | $18.00 | $240.00 | $3,120.00 |
| | | | | | | Total: | $38,320.00 |

## C.  Unpaid Spread-of-Hours Compensation

Plaintiff further alleges in the Complaint that Defendants unlawfully failed to provide spread-of-hours compensation as required by the New York Codes, Rules and Regulations ("NYCRR"). Compl. ¶ 86. Under the NYCRR, employees are entitled to receive "spread-of-hours" pay, which is "one hour's pay at the basic minimum hourly wage rate" for any workday that lasts longer than 10 hours. N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.4. Although employees who earn more than the minimum wage rate are generally not entitled to spread-of-hours pay, *see Fermin*, 93 F. Supp. 3d at 45–46, under Section 146-1.6(d) of New York Codes, Rules and Regulations, "all employees in restaurant and all-year hotels" are entitled to spread-of-hours pay regardless of their regular pay rate. *See Elisama v. Ghzali Gourmet Deli, Inc.*, No. 14-CV-8333 (PGG) (DF), 2016 U.S. Dist. LEXIS 58833, at *13 (S.D.N.Y. Apr. 29, 2016), *adopted by*, 2018

U.S. Dist. LEXIS 175536 (S.D.N.Y. Oct. 10, 2018); *Ortiz*, 2019 U.S. Dist. LEXIS 99567, at \*16. A "restaurant" is defined as: "any eating or drinking place that prepares and offers food or beverage for human consumption either on any of its premises or by such service as . . . curb service or counter service to the public, to employees, or to members or guests of members . . . ." N.Y. Comp. Codes R. & Regs. tit. 12, § 146-3.1(b).

Several courts have considered the sufficiency of pleadings where a plaintiff alleges that she was an "employee" at a "restaurant" for the purposes of the spread-of-hours exemption. In *Ortiz v. Red Hook Deli & Grocery 2015 Corporation*, No. 17-CV-7095 (RRM), 2019 U.S. Dist. LEXIS 99567, at \*18–19 (E.D.N.Y. June 12, 2019), the Court recommended dismissing the plaintiff's cause of action for spread-of-hours pay where the plaintiff merely stated that he was employed as a "deli worker" at a "deli" that was named in the pleadings as "Red Hook Deli and Grocery 2015 Corp." Based on the plaintiff's meager pleadings, the Court stated that "plaintiff has not sufficiently alleged that Red Hook constitutes a 'restaurant,' within the meaning of Section 146-1.6(d)." *Id.* at 19. Likewise, in *Campos v. Quentin Mkt. Corp.*, No. 16-CV-5303, 2018 U.S. Dist. LEXIS 180972, at \*11 n.2 (E.D.N.Y. Oct. 17, 2018), *adopted by*, 2019 U.S. Dist. LEXIS 56843 (E.D.N.Y. Mar. 31, 2019), the Court found that the plaintiff's "vague" allegation that he was a "deli worker" at an establishment called "Quentin Market" was insufficient to show that he was an "employee" at a "restaurant." While some courts have found sufficient facts on relatively spare allegations, in those cases plaintiffs have alleged products offered at the establishment and job titles that suggest the actual preparation of food, even if the plaintiffs do not necessarily specifically allege that they worked at an establishment "that prepares and offers food or beverage for human consumption . . . ." *See, e.g.*, *Quiroz v. Luigi's Dolceria, Inc.*, No. 14-CV-871 (VVP), 2016 U.S. Dist. LEXIS 64662, at \*10 n.5 (E.D.N.Y. May 17, 2016) (finding it reasonable to infer

that Defendant's business constituted a restaurant under § 146-1.6(d) where plaintiff offered evidence that "pastries and cookies were among the products offered for sale" and where plaintiff alleged that he was a "cake decorator and cookie mixer"); *Elisama*, 2016 U.S. Dist. LEXIS 58833, at *34 (finding plaintiff's allegation that he was a "sandwich maker" at "deli/salad bar" sufficient to conclude deli served as an "eating or drinking place that prepares and offers food . . . for human consumption . . . on any of its premises").

In this case, Plaintiff fails to allege sufficient facts to show that he was an "employee" at a "restaurant" falling under the exemption for spread-of-hours pay under Section 146-1.6(d). Plaintiff alleges that his job title was "grill and deli worker" at two different delis doing business under the name "Gourmet Deli & Grocery." Compl. ¶¶ 2, 36. Plaintiff does not list his job duties, nor does he describe his work in any other way. Plaintiff's allegations are also silent as to the nature of business conducted at Gourmet Deli & Grocery. It might be true that Gourmet Deli & Grocery "prepares and offers food or beverage for human consumption . . . on any of its premises . . . or by such service as . . . counter service to the public . . . ."  But it is not clear from the face of the complaint that Gourmet Deli & Grocery "prepares and offers food" rather than merely selling it.

Therefore, because Plaintiff failed to meet his burden of showing that he qualifies for the hospitality exemption found in § 146-1.6(d), he is only entitled to spread-of-hours pay for the 19-week period from December 31, 2017 to May 15, 2018, during which time he was paid below the minimum wage. *Campos*, 2018 U.S. Dist. LEXIS 180972, at *22 (citing *Fermin*, 93 F. Supp. 3d at 45). According to Plaintiff's Damages Chart, Plaintiff worked seven spread-of-hours days per

week during this period. Dkt. No. 21-14. Thus, this Court recommends awarding Plaintiff spread-of-hours pay in the amount of $1,596.00.[5]

### D.  Liquidated Damages

Plaintiff requests that he be awarded liquidated damages under the NYLL, computed at 100% of the amount of unpaid minimum and overtime wages and spread-of-hours pay due. Faillace Decl. ¶ 17. Under the NYLL, an employee is entitled to liquidated damages "equal to one hundred percent of the total amount" of the principal wages due, "unless the employer proves a good faith basis to believe that its underpayment of wages was in compliance with the law." NYLL § 198(1-a).

Having defaulted, Defendants have failed to show any good faith basis for believing that Plaintiff's underpayment was justified. *Garcia v. Chirping Chicken NYC, Inc.*, No. 15-CV-2335 (JBW) (CLP), 2016 U.S. Dist. LEXIS 32750, at *46 (E.D.N.Y. Mar. 11, 2016). Thus, this Court finds that Plaintiff is entitled to an additional award of 100% of unpaid minimum and overtime wages ($39,080.00) and spread-of-hours pay ($1,596.00), for a total of $40,676.00 in liquidated damages.

### E.  Wage Notice and Statement Violations

Under the NYLL, employers must provide their employees—in English and in their primary language—with wage notices at the time of hiring. NYLL § 195(1)(a). Additionally, employers must provide their employees with accurate wage statements at the time wages are paid. NYLL § 195(1)–(3). An employee may recover $50.00 for each workday in which his employer fails to provide a wage notice, up to a $5,000.00 maximum, and $250.00 for each workday in which his employer fails to provide a wage statement, up to a $5,000.00 maximum. *See Osorio v.*

---

[5] The number of spread-of-hours days per week (7) multiplied by the number of weeks in this pay period (19) multiplied by the applicable New York State minimum wage rate ($12.00) = $1,596.00.

*Taste of Thai, Inc.*, No. 17-CV-5664 (JBW) (JO), 2018 U.S. Dist. LEXIS 157343, at *12 (E.D.N.Y. Sep. 12, 2018) (quoting NYLL §§ 198(1-b) & (1-d)), *adopted by*, 2019 U.S. Dist. LEXIS 56844 (E.D.N.Y. Mar. 29, 2019).

Here, Plaintiff avers that throughout his employment he never received a written wage notice in English and Spanish (his primary language), and that he never received a wage statement. Baizan Decl. ¶¶ 25–26. Therefore, he requests $10,000.00 in statutory damages for violations of NYLL §§ 195(1)(a) & (3). Dkt. No. 22 (Memorandum of Law in Support of Plaintiff's Application for Default Judgment) ("Mem. ISO") at 6.

Because Defendants have defaulted and admitted to Plaintiff's allegation that he violated NYLL §§ 195(1)(a) & (3) throughout Plaintiff's employment—a period which exceeds 100 days—this Court recommends awarding Plaintiff the maximum statutory damages of $5,000.00 for the wage statement violations and $5,000.00 for the wage notice violations, for a total of $10,000.00 in statutory damages.[6]

### F.  Pre- and Post-Judgment Interest

Plaintiff seeks prejudgment interest calculated at a rate of 9% per annum on his New York State claims pursuant to New York Civil Practice Laws and Rules § 5004. *See* Mem. ISO at 6–7; Faillace Decl. ¶ 16(e). It is well-settled that prejudgment interest is not available under the FLSA. *Fermin*, 93 F. Supp. 3d at 48 (citation omitted). However, prejudgment interest is available under the NYLL, in addition to wage underpayments and liquidated damages. *See JRPAC Inc.*, 2016 U.S. Dist. LEXIS 75430, at *114 (citing NYLL § 198(1-a)).

---

[6] Damages for wage statement and written notice violations are not subject to liquidated damages under the NYLL. *Guaman v. Krill Contracting, Inc.*, No. 14-CV-4242 (FB) (RER), 2015 U.S. Dist. LEXIS 74567, at *24 n.6 (E.D.N.Y. June 9, 2015), *adopted by*, 2015 U.S. Dist. LEXIS 74432 (E.D.N.Y. June 9, 2015) (citations omitted).

Under New York law, when damages "were incurred at various times, interest shall be computed upon each item from the date it was incurred or upon all of the damages from a single reasonable intermediate date." N.Y. C.P.L.R. § 5001(b); *see also Israel v. Benefit Concepts New York, Inc.*, 9 F. App'x 43, 45 (2d Cir. 2001) (failing to utilize a single reasonable intermediate date or to calculate from each date damages were incurred "affords the plaintiff a windfall, and hence penalizes the defendant, in contravention of the compensatory purpose of [N.Y. C.P.L.R. §] 5001") (citation omitted). Prejudgment interest continues to accrue through the date judgment is entered and is calculated using the simple rate, not a compounded rate. *Fermin*, 93 F. Supp. 3d at 49 (citation omitted).

Plaintiff has not offered a single reasonable intermediate date; instead, he has calculated interest from the midpoint of each pay period through November 21, 2018. *See* Faillace Decl. ¶ 16(e); Mem. ISO at 7; Dkt. No. 21-14. This Court finds the "midpoint of the relevant period of plaintiff's employment" to be a reasonable intermediate date. *Asfaw v. BBQ Chicken Don Alex No. 1 Corp.*, No. 14-CV-5665 (CBA) (RML), 2015 U.S. Dist. LEXIS 177667, at *22 (E.D.N.Y. Aug. 26, 2015) (citation omitted), *adopted by*, 2016 U.S. Dist. LEXIS 42298 (E.D.N.Y. Mar. 29, 2016); *see also Cortez v. 8612 Best Coffee Shop Inc.*, No. 13-CV-3095 (RRM) (RML), 2015 U.S. Dist. LEXIS 177630, at *21–22 (E.D.N.Y. Aug. 14, 2015), *adopted by*, 2016 U.S. Dist. LEXIS 51841 (E.D.N.Y. Apr. 18, 2016). Accordingly, prejudgment interest should be awarded on the principal amount of $40,676.00 from January 20, 2017, which is the midpoint date of Plaintiff's employment,[7] until the day final judgment is entered.

Plaintiff is also entitled to post-judgment interest pursuant to 28 U.S.C. § 1961(a). The Second Circuit has found an award of post-judgment interest under Section 1961 to be

---

[7] July 1, 2015-August 12, 2018 = 1,138 days/2 = 569. January 20, 2017 = 569 days from July 1, 2015.

"mandatory." *Hernandez v. Delta Deli Mkt. Inc.*, No. 18-CV-375 (ARR) (RER), 2019 U.S. Dist. LEXIS 23756, at *22 (E.D.N.Y. Feb. 12, 2019) (quoting *Westinghouse Credit Corp. v. D'Urso*, 371 F.3d 96, 100 (2d. Cir. 2004)). Therefore, this Court recommends awarding Plaintiff post-judgment interest on all sums awarded, beginning on the date the Clerk of Court enters judgment and continuing until the date of payment.

### G.  Automatic Increase of Judgment

Finally, Plaintiff requests that, pursuant to NYLL § 198(4), the judgment be automatically increased in the event of nonpayment. Mem. ISO at 8.

> Any judgment or court order awarding remedies under this section shall provide that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent.

NYLL § 198(4). However, the statute "appears to contemplate this automatic increase only in the event that plaintiff unsuccessfully undertakes collection efforts, or at the very least, serves the defendant with notice that judgment has been entered." *Olvera v. Los Taquitos Del Tio Inc.*, No. 15-CV-1262 (BMC), 2015 U.S. Dist. LEXIS 75880, at *6 (E.D.N.Y. June 11, 2015). Therefore, this Court recommends that Plaintiff only receive an automatic increase of judgment if, ninety days after he serves notice of the judgment on Defendants, he reapplies for an amended judgment to reflect the increase. At that time, he may also provide additional documentation to show that he is legally entitled to an increase of the entire judgment. *See id.* at *7 ("[I]f plaintiff serves notice of the judgment on defendants, he may apply for an amended judgment to reflect this increase ninety days thereafter. The Court will defer consideration of whether he must also show, at that time, that he has also undertaken collection efforts that have proven unsuccessful.").

VII.    **Costs & Attorneys' Fees**

A.  **Attorneys' Fees**

Plaintiff seeks an award of attorneys' fees in the amount of $2,025.00, comprised of $1,125.00 for 2.5 hours of Partner Michael Faillace's time billed at the rate of $450.00 per hour; $750.00 for 3.0 hours of Associate Haleigh Amant's time billed at the rate of $250.00 per hour; and $150.00 for 1.5 hours of paralegal time billed at the rate of $100.00 per hour. Dkt. No. 21-13. Michael Faillace ("Faillace") is the Managing Member of Michael Faillace & Associates, P.C. ("MFA") with over 30 years of experience, and Haleigh Amant ("Amant") is an associate at MFA who graduated from law school in 2017. Faillace Decl. ¶ (18)(h).

Both the FLSA and the NYLL authorize the Court to award Plaintiff reasonable attorney's fees. *See* 29 U.S.C. § 216(b); NYLL § 198. The same analysis applies to determine the fee under both statutes. *Mahoney v. Amekk Corp.*, No. 14-CV-4131 (ENV) (VMS), 2016 U.S. Dist. LEXIS 137786, at *49–51 (E.D.N.Y. Sept. 30, 2016) (citation omitted), *adopted by*, 2016 U.S. Dist. LEXIS 154286 (E.D.N.Y. Oct. 28, 2016)). In the Second Circuit, courts "assess fee applications using the 'lodestar method,' under which a reasonable hourly rate is multiplied by a reasonable number of hours expended." *Flores v. New Sunstone Mexican Food, Inc.*, No. 17-CV-2941 (RJD) (JO), 2018 U.S. Dist. LEXIS 157359, at *15 (E.D.N.Y. Sep. 13, 2018) (citations omitted), *adopted by*, 2018 U.S. Dist. LEXIS 169679 (E.D.N.Y. Sep. 28, 2018). The reasonable hourly rate is "the rate a paying client would be willing to pay," based on the "prevailing [hourly rate] in the community . . . where the district court sits." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. City of Albany*, 522 F.3d 182, 190 (2d Cir. 2007) (internal quotation marks and citations omitted). The party seeking attorneys' fees bears the burden of supporting his claim of hours spent by furnishing accurate, detailed, and contemporaneous time records. *New York State Ass'n for*

25

*Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1147–48 (2d Cir. 1983). District courts have broad discretion to assess the ultimate reasonableness of each component of a fee award. *Flores*, 2018 U.S. Dist. LEXIS 157359, at *16 (citation omitted).

This Court finds that some of the requested rates are unreasonable and recommends reducing the requested award from $2,025.00 to $1,550.00. Although Faillace is highly experienced, this Court recommends reducing Faillace's hourly rate to $350.00, based on previous caselaw in which Faillace was awarded attorneys' fees, and also given the relative simplicity of this case in light of Defendants' default. *See, e.g.*, *Garcia v. Ditmars Square, Inc.,* No. 16-CV-166 (NGG) (ST), 2017 U.S. Dist. LEXIS 36433, at *44 (E.D.N.Y. Mar. 10, 2017) (reducing Faillace's hourly rate to $350.00 in FLSA default judgment case), *adopted by*, 2017 U.S. Dist. LEXIS 66657 (E.D.N.Y. May 1, 2017); *Lopez v. Royal Thai Plus, LLC*, No. 16-CV-4028 (NGG) (SJB), 2018 U.S. Dist. LEXIS 20271, at *33 (E.D.N.Y. Feb. 6, 2018) (reducing Faillace's hourly rate to $350.00 in FLSA default judgment case), *adopted by*, 2018 U.S. Dist. LEXIS 62266 (E.D.N.Y. Apr. 11, 2018); *Osorio*, 2018 U.S. Dist. LEXIS 157343, at *17 (reducing Faillace's hourly rate to $350.00 in FLSA default judgment case); *Flores*, 2018 U.S. Dist. LEXIS 157359, at *17 (reducing Faillace's hourly rate to $350.00 in FLSA default judgment case).

Further, this Court recommends reducing Amant's hourly rate to $175.00, in accordance with previous caselaw, and based on the relative simplicity of the matter. *See, e.g.*, *Campos v. Quentin Mkt. Corp.*, No. 16-CV-5303, 2018 U.S. Dist. LEXIS 180972, at *26 (E.D.N.Y. Oct. 17, 2018) (reducing Amant's hourly rate to $175.00 in FLSA default judgment case). Finally, since courts in the Eastern District have found that $90.00 to $100.00 is a reasonable rate for paralegals, this Court finds the amount billed for paralegal work reasonable. *See, e.g.*, *Sands Harbor Marina*

*Corp. v. Wells Fargo Ins. Servs. of Or.*, No. 09-CV-3855 (J5) (AYS), 2018 U.S. Dist. LEXIS 58729, at *16 (E.D.N.Y. Mar. 31, 2018) (collecting cases).

Faillace and Amant spent a combined 7.0 hours working on this case. Dkt. No. 21-13. Having reviewed the contemporaneous billing records filed with the Court, this Court finds 7.0 hours to be an eminently reasonable amount of time spent on this case. *See, e.g.*, *Garcia*, 2017 U.S. Dist. LEXIS 36433, at *45 (recommending that a total of 14.0 hours be found reasonable in FLSA default judgment case). Accordingly, this Court respectfully recommends that Plaintiff be awarded attorneys' fees in the amount of $1,550.00, based on Faillace's 2.5 hours working on this matter at an hourly rate of $350.00, Amant's 3.0 hours working on this matter at an hourly rate of $175.00, and 1.5 hours of paralegal work at an hourly rate of $100.00.

### B. Costs and Disbursements

Plaintiff also requests $692.00 in costs and disbursements, comprising the filing fee and the service of process fee. Dkt. No. 21. The FLSA and the NYLL both authorize the awarding of costs. *See* 29 U.S.C. § 216(b); NYLL § 198. However, such costs should only be awarded when they are tied to "identifiable, out-of-pocket disbursements." *Jemine v. Dennis*, 901 F. Supp. 2d 365, 394 (E.D.N.Y. 2012) (citation omitted). As court filing fees and service of process fees are routinely recoverable, this Court respectfully recommends that Plaintiff be awarded $692.00 in costs and disbursements. *See Zurita v. High Definition Fitness Ctr., Inc.*, No. 13-CV-4394 (CBA) (RML), 2016 U.S. Dist. LEXIS 76074, at *28 (E.D.N.Y. June 9, 2016), *adopted by*, 2016 U.S. Dist. LEXIS 84574 (E.D.N.Y. June 29, 2016); *Fermin*, 93 F. Supp. 3d at 52.

### CONCLUSION

For the foregoing reasons, this Court recommends granting Plaintiff Edgar Baizan Guerrero's motion for default judgment and awarding Plaintiff damages against Defendants 79th

27

Street Gourmet & Deli Inc. (d/b/a/ Gourmet Deli & Grocery), New Utrecht Gourmet Deli and Grocery Inc. (d/b/a Gourmet Deli & Grocery), Columbus Grocery and Deli Corp. (d/b/a Gourmet Deli & Grocery), Mohamed S. Muthana, and Ahmed F. Mustafa, jointly and severally, consisting of the following:

(1) $760.00 in unpaid minimum wages;

(2) $38,320.00 in unpaid overtime wages;

(3) $1,596.00 in unpaid spread-of-hours compensation;

(4) $10,000.00 in statutory damages;

(5) $40,676.00 in liquidated damages;

(6) $2,242.00 in attorneys' fees and costs;

(7) Prejudgment interest on the principal unpaid wages of $40,676.00 in the amount of 9% per annum, accruing from January 20, 2017 until the date judgment is entered; and

(8) Post-judgment interest in accordance with 28 U.S.C. § 1961.

Plaintiff's counsel is directed to serve a copy of this report and recommendation to Defendants at their last known addresses and file proof of service with the Court within five (5) business days.

## OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. Failure to file timely objections shall constitute a waiver of those objections both in the District Court and on later appeal to the United States Court of Appeals. *See Marcella v. Capital Dist. Physicians' Health Plan, Inc.*, 293 F.3d 42, 46 (2d Cir.

2002); *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989); *see also Thomas v. Arn*, 474 U.S. 140 (1985). Responses to any objections shall be due fourteen (14) days from service of the objection. *See* Fed. R. Civ. P. 72(b)(2).

**SO ORDERED.**



                                      /s/

                             Steven L. Tiscione
                             United States Magistrate Judge
                             Eastern District of New York

Dated: Brooklyn, New York
        September 10, 2019